# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARDO VILLALOBOS, Jr, <br><br> Plaintiff, <br><br> v. <br><br> HATTON, et al., <br><br> Defendants. | Case No. 1:17-cv-01109-SKO (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM** <br><br> **(Doc. 1)** <br><br> **TWENTY-ONE (21) DAY DEADLINE** <br><br> **THE CLERK OF THE COURT IS DIRECTED TO ASSIGN A DISTRICT JUDGE** |

## FINDINGS

### A. Background

Plaintiff, Ricardo Villalobos, Jr, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint is before the Court for screening. (Doc. 1.) Because Plaintiff seeks to proceed on a claim for which he has no constitutional right, it is recommended that this action be **DISMISSED with prejudice**.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### C. Summary of the Complaint

Plaintiff complains of acts that relate back to his initial incarceration in the early 2000's. At that time, Plaintiff was classified as a "R" suffix, High risk Sex Offender because of his 1991 juvenile arrest record. This resulted in restricting his contact visits with minors. Although Plaintiff has repeatedly objected and appealed, every subsequent classification committee has included his "R" suffix classification. Plaintiff alleges that the "R" suffix classification violates his right to have contact visits with his children, and that the "R" suffix classification is wrongly based on an incident in his juvenile arrest record, which cannot be used against him as an adult. As discussed below, Plaintiff has no constitutional right to contact visitation with his minor children. Thus, this action should be dismissed with prejudice.

/ / /

**D.     Pleading Requirements**

**1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

## DISCUSSION

### A.  Plaintiff Has No Right to Contact Visitation With His Children[1]

It is well settled that a parent has a "fundamental liberty interest" in "the companionship and society of his or her child" outside of prison. *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001). And "a parent's right to participate in his child's care, custody, and management" has been acknowledged as a clearly established broad general proposition. *James v. Rowlands*, 606 F.3d 646, 652-53 (9th Cir. 2010).

However, "[d]uring the period of confinement in prison, the right of intimate association, 'a fundamental element of personal liberty,' is necessarily abridged." *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 618, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). "Intimate association protects the kinds of relationships 'that attend the creation and sustenance of a family -- marriage, childbirth, the raising and education of

---

[1] The Court notes that Plaintiff is allowed non-contact visitation with minors. (*See* Doc. 1, p. 12.)

4

children, and cohabitation with one's relatives. . . .'" *Id*. at 619, 104 S.Ct. 3244 (citations omitted). "The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 461, 109 S.Ct. 1904 (1989) (internal citation and quotation marks omitted). "The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime." *Gerber*, 291 F.3d at 621.

It is likewise "well-settled that prisoners have no constitutional right while incarcerated to contact visits." *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (en banc); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family); *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam) (holding that prisoners do not have a constitutional right to contact visitation privileges); *Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986) ("To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society."), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995). Thus, it matters not whether prison officials are wrongly using Plaintiff's 1991 juvenile arrest record to classify Plaintiff as a "R Suffix High Risk Sex Offender." Plaintiff has no constitutionally protected right to have contact visits with his minor children while incarcerated. Thus, he is unable to state a cognizable claim under § 1983 and this action should be dismissed.

## **RECOMMENDATION**

Plaintiff's Complaint fails to state a cognizable claim against any of the named Defendants. Given that Plaintiff has no constitutionally protected right to contact visits with his children, the defects in his pleading are not capable of being cured through amendment. Amendment thus need not be granted since futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2017**         /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE